ST. LOUIS COUNTY, Missouri, Plaintiff-Appellant,

v.

STATE TAX COMMISSION of Missouri, et al., Defendants-Respondents.

ST. LOUIS COUNTY, Missouri, Plaintiff-Appellant,

v.

STATE TAX COMMISSION of Missouri, et al., Defendants-Respondents.

Nos. 58935, 58937.

Supreme Court of Missouri, Division No. 1.

Nov. 10, 1975.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 8, 1975.

Thomas W. Wehrle, County Counselor, George W. Lang, II, Dennis Affolter, Asst. County Counselors, Clayton, for appellant.

Sidney W. Horwitz, Dubinsky, Duggan & Horwitz, St. Louis, for respondent.

LAURANCE M. HYDE, Special Commissioner.

The appeals in these cases, consolidated by order of this Court, involve construction of the revenue laws of this state. St. Louis County filed a petition for review in each case after the State Tax Commission ruled in favor of Allstate and Conrad. The trial court sustained defendants' motions to dismiss in each case. St. Louis County has appealed in each case.

Allstate and Conrad are wholesale liquor distributors located in St. Louis County and subject to Merchants Tax provided by Chapter 150 RSMo 1969 (V.A.M.S. Chapter 150). Involved herein are Conrad's tax for 1971 and Allstate's tax for 1972. Conrad on April 20, 1971 filed its 1971 merchant's inventory valuation of $203,864.35 (assessed valuation subject to tax $67,955.00). The County Board of Equalization claimed an inventory valuation of $762,000.00 and an assessed valuation of $254,000.00 by letter dated July 20, 1971. At a hearing before the Board August 3, 1971 Conrad's 1971 inventory valuation was fixed at $639,-720.00 and an assessed valuation of $213,-240.00. On appeal by Conrad, August 12, 1971, the State Tax Commission set Conrad's assessed valuation subject to tax at $67,950.00. St. Louis County on January 7, 1972, filed Petition for Review in the St. Louis County Circuit Court from the decision of the State Tax Commission. The Commission filed a motion to dismiss on the ground that the Board's action was invalid because it had violated § 138.120(3), requiring: "The last meeting of said board shall be held not later than the last Saturday in July of each year." Plaintiff's Petition for Review was dismissed for this reason.

Allstate on April 19, 1972 filed its merchant's inventory valuation of $324,240.00 (assessed valuation subject to tax $108,-080.00). The County Board of Equalization claimed an inventory valuation of $1,587,-080.00 and an assessed valuation of $529,-030.00 by letter dated May 3, 1972. At a hearing before the Board, August 8, 1972, Allstate's 1972 inventory valuation was fixed at $972,810.00 (assessed valuation $324,270.00). On appeal by Allstate, the State Tax Commission assessed Allstate's valuation subject to tax at $108,080.00. St. Louis County on December 19, 1972, filed a Petition for Review in the St. Louis County Circuit Court from the decision of the State Tax Commission. This petition for review was also dismissed in the circuit court for the reason "that the St. Louis County Board of Equalization lacks jurisdiction to hold hearings after the last Saturday in July of the year involved." Defendants' brief says each company has paid the taxes based on their statements, pending final adjudication.

Plaintiff claims the date of last meeting of the Board of Equalization (the last Saturday in July) stated in § 138.120 is directory and not mandatory and so is not a matter affecting the jurisdiction of the Board. Plaintiff also claims that by appearing before the Board after that date and making no challenge to the propriety of its action either before the Board or in subsequent proceedings the right to objection was waived by Allstate and Conrad.

Defendant companies point out that the form letters sent to each of them by the County Board of Equalization failed to set

forth a date for hearing on the proposed increase; and this was also true of the letters received stating the adjusted assessed valuation fixed by the Board. Section 138.120(2) provides: "After the board shall have raised the valuation of any statement, it shall give notice of the fact to the person, corporation or firm whose statement shall have been raised in amount, by not less than five days notice through the mail, prior to the day of hearing, specifying the amount of such raise and advising the taxpayer that he may offer objections to such increase as made." As hereinabove noted, the final provision 138.120(3) fixed the last Saturday in July as the time the last meeting of the Board shall be held.

Although not in Chapter 138 on Equalization and Review of Tax Assessments, § 137.265 of the Chapter 137 on Assessment and Levy of Property Taxes states: "An assessment of property or charges for taxes thereon shall not be considered illegal * * on account of the assessment not being made or completed within the time required by law." This indicates a policy against making mandatory time requirements which would invalidate taxes by failure to strictly comply with them. Such a provision was considered in *Buswell v. Board of Supervisors of Alameda County,* 116 Cal. 351, 48 P. 226 (1897). There a statute provided for the Board to meet on the first Monday of July for equalization of assessments to "continue in session * * * from time to time, until the business of equalization is disposed of, but not later than the third Monday of July." A taxpayer contended the action of the Board on July 25th (after the third Monday in July) raising the valuation of his property should be declared void. The trial court did so but the Supreme Court reversed, saying it was the general rule "that the provisions as to the time upon which or within which acts are to be done by a public officer regarding the rights and duties of others are directory, unless the nature of the act or language of the legislature makes it clear that the time fixed is by way of limitation."

In *Taney County v. Empire District Electric Co.,* 309 S.W.2d 610 (Mo.1958), we held the provisions of §§ 138.460 and 138.470 did not require that valuation for taxes be determined at the very time and place of the hearing as contended, saying: "[E]ven if it is assumed that such was required by the statute, we think the provision is directory only and hence we conclude that an order entered after the date of the hearing would not be invalid." We relied on the rules stated in 3 Sutherland, Statutory Construction, 3rd Ed. (1943), p. 102, as follows: "For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation of the power of the officer." In the *Taney County* case, although the last date for the county clerk to deliver the tax books to the county collector in compliance with the statute was October 31, we held valid an order of the Tax Commission made on November 9 saying: "Ample time remained for defendant to thereafter pay the taxes so extended before they would have become delinquent on January 1, 1957." 309 S.W.2d l.c. 615. See also *State ex rel. Lindell Tower Apartments v. Guise,* 357 Mo. 50, 206 S.W.2d 320, 324 (1947), holding statutory provisions for publication of two weeks' notice of proposed increase in valuation of property for taxation by the City of St. Louis Board of Equalization are directory, not mandatory.

Plaintiff cites *Hawkeye Lumber Co. v. Board of Review of City of Oskaloosa,* 161 Iowa 504, 143 N.W. 563 (1913), in which the Board of Review raised the assessed value of a taxpayer's merchandise on May 29 although the statute required its duties to be completed "not later than the first day

of May." The Court ruled: "Though the city council had passed a resolution raising the assessment within the time fixed, it plainly appears that this was not regarded as final, but that the hearing was postponed to enable a further investigation, and that final action was not taken until the 23d of May. We think the statute should be construed as directory, and that the district court acquired jurisdiction by the service of the notice of appeal within 20 days after the final adjournment of the board on May 23d. The motion to dismiss was rightly overruled."

The *City of Oskaloosa* case was cited in *Younker Brothers, Inc. v. Zirbel*, 234 Iowa 269, 12 N.W.2d 219, 151 A.L.R. 242 (1943). In that case it was contended that the Board had no power to raise assessments on June 14, 1941 because the statute precluded raising of assessments after June 1st and the taxpayer had no right of protest or appeal after June 1st. This was claimed to violate the equal protection and due process clauses of the 14th amendment to the U. S. Constitution. The Court noted "that in the provisions specifying the various times or periods, at or in which, the duties of the Board are to be performed, there are no commands that they shall not be performed at any other times"; and "[a]ny action of the Board in performing such a duty is nowhere in the statute declared to be void." The Court said: "While the aggrieved owner or taxpayer is required * * * to file his protest between the inclusive dates of May first and May twentieth, if the original assessment is not raised, he is, of course, entitled to file a protest to the action of the Board if it increases his assessment subsequent to May thirty-first, as was done in this case." The Court noted that the taxpayer "has taken advantage of the rights of protest and of appeal" so that "[n]either the statute nor the conduct of the taxing officials has deprived it of any of its rights under the equal protection or due process clauses of the State or Federal Constitutions."

In 72 Am.Jur.2d, State and Local Taxation § 710, p. 48, it is said: "While statutory provisions as to the time when taxes are to be assessed have been held to be directory, there is contrary authority holding that they are mandatory. And statutory provisions as to the time when a tax shall be levied have been held to be merely directory. Statutory provisions as to the time of making a report or certification have in some instances been held mandatory, in other instances they have been ruled to be directory only." See Annotation 151 A.L.R. 248. As to equalization and review see Annotation 151 A.L.R. 255.

As hereinabove shown, there was no great delay by the Board after the last Saturday of July in holding hearings. The hearing for Conrad was on August 3, 1971 and the hearing for Allstate was on August 8, 1972. Neither company made any objection to the jurisdiction of the Board. Each voluntarily appeared before the Board without objections to the notice they received and each proceeded with an appeal to the State Tax Commission. The appeals were taken during the month of August; Conrad's on August 11, 1971 and Allstate's August 11, 1972. In each case, the State Tax Commission ruled in favor of the companies and the County appealed.

Defendant relies on such cases as *State ex rel. Lane v. Corneli*, 351 Mo. 1, 171 S.W.2d 687 (1943); *State ex rel. Wilson Chevrolet, Inc. v. Wilson*, 332 S.W.2d 867 (Mo.1960), and *McGraw-Edison Co. v. Curry*, 485 S.W.2d 175 (Mo.App.1972). However, in those cases, the taxpayer was not given notice in time to take an appeal. In the *Corneli* case the issue was whether there was a valid assessment of the personal property of an estate. No notice was ever served on the executors of the meeting of the board of equalization (which made the assessment) "or that the board ever had such a meeting." We said (171 S.W.2d l.c. 689–690) there was "no service of notice, no meeting, no opportunity to be heard. Without these, the proceeding is contrary to the statute and the assessment is void." That

was not the situation in this case. Likewise in the *McGraw-Edison* case, 485 S.W.2d l.c. 180, it was said: "[P]laintiff was never notified of the action of the Board until it received its tax statement in December, 1967, when the revaluation was a fait accompli and the effective time to seek administrative review had long since passed." In *State ex rel. Wilson Chevrolet v. Wilson*, 332 S.W.2d l.c. 870, it was noted that the records of the board of equalization did not show "the giving of the statutory notice."

The judgment of dismissal in each case is reversed and each is remanded.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.