Leonard BESS, Respondent,

v.

Vivian BESS, Appellant.

No. 50738.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 18, 1986.

Rehearing Denied Dec. 16, 1986.

Alan J. Agathen, Clayton, for appellant.

Doskocil & Pulos, Inc., John L. Doskocil, Thomas A. Spoon, St. Louis, for respondent.

CRIST, Presiding Judge.

Wife appeals dissolution decree contesting denial of maintenance and attorney fees and the division of the marital property. We affirm.

The marriage of the parties was dissolved after twenty-six years. Wife, having worked continuously for the past sixteen years, had gross earnings of approximately $15,000 per year. Husband had gross earnings of approximately $37,000 per year. Both were forty-four years of age and in good health. Two of the three children lived at the family home but all were over twenty-one years of age and self-sufficient.

█ The major asset was the marital residence with an equity of approximately $33,000. Wife claimed she was entitled to all of the real estate because of the marital misconduct of husband. The trial court tried to divide the marital property in approximately equal shares giving $10,000 of the equity in the house to husband. Husband testified he was not guilty of marital misconduct, and the trial court believed him and found no marital misconduct by either party. The resolution of this issue depends on the credibility of conflicting testimony. We defer to the decision of the trial judge who had the superior opportunity to see, hear and evaluate the witnesses. *O'Neal v. O'Neal*, 703 S.W.2d 535, 539[6] (Mo.App. 1985); *Bonskowski v. Bonskowski*, 700 S.W.2d 99, 100[1] (Mo.App.1985).

█ We cannot say the denial of attorney fees was an abuse of discretion. Wife had ample property to pay her attorney the remaining sum of $2,968. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979).

█ While the trial court could properly have given wife maintenance, it chose not to do so. Wife had little income-producing property. While husband was earning approximately $37,000 per year, wife had been living on her $15,000 salary. Wife had not been paying rent or making house payments, but the children who lived at home were not contributing anything. Wife testified that she was able to support herself on her salary, was in good health and had no medical problems. We cannot say the trial court abused its discretion in not awarding maintenance to wife. *Satterfield v. Satterfield*, 635 S.W.2d 80, 81–82[3] (Mo.App.1982); *Abell v. Abell*, 681 S.W.2d 508, 509[2] (Mo.App.1984).

The judgment is modified to provide the real estate, known and numbered as 7620 Cornell, St. Louis County, is to be sold within one hundred twenty days of the date of this court's mandate. The judgment as modified is affirmed.

KELLY and CARL R. GAERTNER, JJ., concur.