## WALTER–KROENKE PROPERTIES, Plaintiff-Appellant,

### v.

## The STATE TAX COMMISSION OF MISSOURI, Defendant-Respondent.

### No. 52304.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1987.

Robert J. Dierkes, Columbia, for plaintiff-appellant.

Joseph R. Calhoun, Bowling Green, for defendant-respondent.

SATZ, Presiding Judge.

This is a tax assessment case. Plaintiff, Walter-Kroenke Properties, owns a shopping center that was reassessed by the Pike County Board of Equalization. Plaintiff appealed the reassessment to the State Tax Commission, which affirmed the Board's decision. Plaintiff then petitioned the circuit court for judicial review, and the circuit court affirmed the Commission. Plaintiff appeals. We affirm.

Plaintiff purchased the property in question in 1975 for $96,000. The shopping center was developed in 1976 at a cost of $1,181.700.00 and plaintiff has made no additional improvements to the property since

that time. The property was originally assessed at $208,000 in 1976. In 1983, the Pike County Board of Equalization was in the process of having the entire county reappraised. In July, 1983, the County's Superintendent of Schools, Bill Wilcox, appeared before the Board to complain that seven properties in the County were underassessed. Plaintiff's shopping center was one of the seven properties Wilcox identified.

Thereafter, the Board raised the tax valuation of plaintiff's shopping center from $208,000 to $400,000, after consulting with Missouri Mass Appraisal, the company which was reappraising property in Pike County.

On appeal, plaintiff makes what appears to be two arguments why we should reverse this reassessment. Neither argument has merit.

Plaintiff first contends that § 138.030 RSMo. (1978) requires county boards of equalization to "fairly and impartially equalize the valuation of *all* real estate ... taxable by the county." (emphasis added). Apparently, plaintiff argues the Board cannot reassess the value of selected properties only; rather, it must reassess the value of *all* county properties any time it wishes to raise or lower an assessment. Because it failed to reassess all property in Pike County, plaintiff argues, the Board's reassessment of plaintiff's property should be reversed. We disagree.

■ At the outset, we note plaintiff's argument raises the question of our jurisdiction. Although neither party has raised this issue on appeal, it is well established that our Supreme Court has exclusive jurisdiction over all cases involving the construction of revenue laws of this state. *State ex rel. Lack v. Melton,* 692 S.W.2d 302, 303 (Mo. banc 1985). However, where our Supreme Court has previously addressed an issue, the intermediate appellate courts have jurisdiction to apply the law. *Affiliated Medical Transport, Inc. v. State Tax Commission,* 741 S.W.2d 25 (Mo. banc 1987).

■ Our Supreme Court has previously addressed plaintiff's argument, implicitly, if not directly. In *May Department Stores Co. v. State Tax Commission,* 308 S.W.2d 748 (Mo.1958), our Supreme Court upheld the St. Louis County Board's reassessment of certain commercial property without a prior county-wide reassessment. The court in *May* noted that boards of equalization were not only authorized but required to raise the valuations of "all tracts which it deems to be returned at 'below their real value.'" *Id.* at 760. Thus, there was nothing improper about the Pike County Board increasing the value of certain property without a comprehensive reassessment.

Plaintiff's second argument is also based upon § 138.030. Plaintiff argues the Board failed to be fair and impartial in its reassessment because it has a "scheme to 'raise' a few properties thought to be 'too low.'"

In support of this argument, plaintiff offered the testimony of Bob Turpin, a Pike County judge and a member of the Board of Equalization. At the hearing before the State Tax Commission, Judge Turpin testified:

1. "County people" had said that appellant's property had been deliberately undervalued for the first few years to get a tax break, and that was an important consideration in raising the assessed valuation.

2. A local school superintendent brought seven properties to the attention of the Board of Equalization as being "too low".

3. The Board of Equalization raised the assessed valuation of all seven tracts (including plaintiff's) without considering the values of other similar properties in the county.

■ First, we note that the testimony of only one member of the three-member Board is not sufficient to establish improper motivation of the board as a whole. Moreover, we find no impropriety nor partiality reflected in Judge Turpin's testimony. As we have previously shown, the Board was duty bound to raise the assess-

ment of undervalued properties. *See May, supra,* at 760.

█ Even assuming, arguendo, that the Board's motives were somehow improper, we would still uphold the reassessment. The reappraisal was supported by ample evidence at the hearing before the State Tax Commission; therefore, plaintiff could not have been prejudiced.

The Commission's decision to uphold the $400,000 assessment was made after review and consideration of the appraisers' methods and opinions at the hearing. Edwin B. Shirner, plaintiff's expert witness, testified the market value of the shopping center was $900,000, making the assessed value $195,300.[1] Charles E. Trail, who appraised the property for the Board, testified the property's market value was $2,000,000, making the assessed value $434,000. The Commission has discretion in deciding which expert to credit and the Court must defer to the Commission's Findings regarding credibility of the witness. *Ulman v. Evans,* 247 S.W.2d 693, 694 (Mo. 1952). The Commission's decision was based on Trail's well documented comparative-sales valuation method. The Commission had two experts with differing opinions and chose to credit Trail's assessment. This is within the Commission's power and discretion.

As a result, we find the reassessment is supported by competent and substantial evidence, *e.g., Evangelical Ret. Homes v. State Tax Commission,* 669 S.W.2d 548 (Mo. banc 1984), and thus plaintiff was not prejudiced by the alleged improper motives of the Board members.

Judgment affirmed.

KELLY and CRIST, JJ., concur.

---

1. The tax valuation was 21.7% of the market value.