Leonard L. BESS, Plaintiff–Respondent,

v.

Vivian BESS, Defendant–Appellant.

No. 53903.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

John L. Doskooil, Crestwood, for defendant-appellant.

Alan Agathen, Clayton, for plaintiff-respondent.

DOWD, Judge.

Wife appeals following the judgment of the trial court awarding husband funds deposited in escrow by the parties in the amount of $5,853.17 due to a dispute arising from the sale of the marital residence pursuant to a decree of dissolution. We affirm.

The parties' marriage was dissolved by a decree of dissolution entered on August 29, 1985, which ordered that the marital residence be sold within 120 days of the decree. Husband was to receive $10,000.00 from the net proceeds of the sale. Husband was ordered to continue making the mortgage payments on the property until the residence was sold. The 120 day period in which the residence was to be sold was scheduled to expire on December 29, 1985.

Wife appealed from the judgment of the trial court and on November 18, 1986, this court affirmed the trial court's judgment with the modification that the residence be sold within 120 days of the date of this court's mandate. *Bess v. Bess,* 720 S.W.2d 757 (Mo.App.1986). The mandate was issued on January 6, 1987. Husband had continued to make the mortgage payments pursuant to an agreement between the parties that wife would continue to live in the house and husband would continue making the mortgage payments on the property until disposition of the appeal. The house was sold on May 18, 1987.

At the closing on the sale of property, the parties put certain funds in escrow to cover a dispute between the parties as to whether husband was entitled to interest on his award of $10,000.00 from the date of the original decree and whether husband was entitled to a credit for sums paid on the mortgage pending appeal. The dispute was submitted to the trial court on a stipulation of facts. The court determined husband was entitled to interest from December 29, 1985, the date of sale ordered in the original decree, in the amount of $1,245.00 on husband's share of the proceeds from the sale of the residence. Further, the court allowed respondent a credit for all sums paid on the mortgage pending appeal totaling $4,608.17.

■ Where, as here, a case has been submitted to the trial court on a stipulation of facts, the only question before this court is whether the trial court drew the proper legal conclusions from the facts stipulated. *Schroeder v. Horack,* 592 S.W.2d 742, 744 (Mo. banc 1979).

In her first point wife contends the trial court erred in failing to limit husband's award of interest on his share of the proceeds from the sale of the family residence to interest that accrued from the revised sale date ordered by the court of appeals.

■ This court affirmed the distribution of marital assets on appeal, *Bess, supra,* at 758, and modified the period in which the marital residence was to be sold only because the original period ordered by the trial court had expired while the appeal was pending. When a judgment is modified on appeal, interest is drawn from the date of entry of the original order, not from the date of the new judgment. *See, Ohlendorf v. Feinstein,* 670 S.W.2d 930, 936 (Mo.App.1984) (Whether judgment is modified upward or downward on appeal, the new sum draws interest from the date of entry of the original order, not from the

date of the new judgment). This rule is applicable here and the trial court thus did not err in refusing to limit interest to that accruing from the revised sale date ordered by the court of appeals.

In her second point wife contends the trial court erred in crediting husband with sums he paid on the mortgage after the expiration of the time period in which the circuit court ordered the residence to be sold. In the dissolution decree the trial court ordered husband to make the mortgage payments on the residence until it was sold. The court further ordered that the residence be sold within 120 days of the judgment or by December 29, 1985. The house was not sold until May 18, 1987, and in the interim husband continued to make the mortgage payments. Nothing in the trial court's original order obligated husband to continue making the mortgage payments beyond the 120 day period in which the house was to be sold. The decree of dissolution was affirmed on appeal. Wife cannot use the appellate process as a delay tactic in order to obligate husband into adding equity to the property beyond that ordered in the decree of dissolution.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.