STATE of Missouri ex rel. 401 NORTH LINDBERGH ASSOCIATES, Plaintiff–Appellant,

v.

Anthony CIARLEGLIO, Chairman, Donald E. Roach, Member, and Jewel L. Hunter, Member, St. Louis County Board of Equalization, Defendants–Respondents.

No. 57864.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 20, 1990.

Lisa Demet Martin, David S. Slavkin, St. Louis, for plaintiff-appellant.

Robert H. Grant, Edward W. Corrigan, Dennis C. Affolter, Clayton, for defendants-respondents.

STEPHAN, Judge.

Appellant, 401 North Lindbergh Associates, appeals from the order and judgment of the St. Louis County Circuit Court quashing a preliminary order in prohibition and denying appellant's petition for a permanent writ in prohibition. Appellant sought to prohibit respondents, the members of the St. Louis County Board of Equalization, from proceeding with a proposed August 1, 1989 hearing and from increasing the valuation on appellant's property for 1989. The basis of the petition was that respondents failed to hold a hearing on the increase before the last Saturday in July, as provided by Section 138.100.2, RSMo 1986. We affirm.

This appeal arises out of the biennial reassessment of real property performed by the St. Louis County Assessor (the "Assessor") and the equalization of the assessment for purposes of ad valorem taxation, and respondents' authority to increase such assessments *sua sponte* under Missouri law. The parties stipulated to the material facts, and the stipulation was presented to the trial court.

Appellant is a limited partnership which owns the land and improvements located at 401 North Lindbergh Boulevard. The property has a three-story brick veneer building on it. The building has been leased as a banking facility. Respondents are the members of the St. Louis County Board of Equalization, an administrative body authorized by statute to hold hearings on taxpayers' appeals from assessments assigned to their properties, and to resolve such appeals.

The assessor issued a preliminary notice of real property valuation in the amount of $1,175,960.00 for the 1989 tax year. Appellant received this notice on or about February 13, 1989. On or about May 25, 1989, appellant received a final change of assessment notice which reflected an assessed value of $1,224,290.00. Appellant did not appeal from this final assessment.

In July 1989, Dennis Affolter, an associate St. Louis County Counselor, was representing the assessor in connection with appellant's appeal of its 1988 assessment. He discovered that the 1989 assessment was inconsistent with respondents' 1988 decision to increase appellant's assessment to $1,728,000.00. Mr. Affolter brought this inconsistency to the assessor's attention, who then advised respondents.

On July 24, 1989, respondents met and voted unanimously to increase appellant's 1989 assessment.

In a letter dated July 25, 1989, respondents advised appellant that, in accordance with Section 138.100, RSMo 1986, respondents had increased the 1989 final assessment from $1,224,290.00 to $1,728,000.00. They further stated that a hearing would be held on August 1, 1989, at which time appellant could appeal.

The circuit court issued its preliminary writ on July 31; and the August 1 hearing was, therefore, not held. On December 14, 1989, the Circuit Court entered an order quashing the preliminary writ and denying appellant's petition for permanent writ of prohibition. The court found that the provisions of Section 138.100, RSMo 1986 to be directory rather than mandatory and, therefore, respondents' actions were not in excess of their statutory jurisdiction. From this order appellant brings this appeal.

It is well established that the Missouri Supreme Court has exclusive jurisdiction over all cases involving the construction of revenue laws of this state. *Walter–Kroenke Properties v. State Tax Commission*, 742 S.W.2d 242, 243 (Mo.App.1987). Where the Supreme Court has previously addressed an issue, however, the intermediate appellate courts have jurisdiction to apply the law. *Id.*

The issue here is whether the respondents exceeded their statutorily defined jurisdictional powers by scheduling a hearing after the last Saturday in July. This issue was previously addressed by our Supreme Court. In *St. Louis County v. State Tax Commission*, 529 S.W.2d 384 (Mo.1975), a similar statute, Section 138.120, RSMo, was construed. The reasoning in that case is equally applicable here. We, therefore, have jurisdiction.

The case was submitted to the trial court on a stipulation of facts. The trial court was not required to resolve conflicting testimony. Our review is only to determine whether the trial court drew the proper legal conclusions from the facts stipulated. *Schroeder v. Horack,* 592 S.W.2d 742, 744 (Mo. banc 1979); *Bess v. Bess,* 750 S.W.2d 642, 643 (Mo.App.1988).

We also note that an appeal to this court is the proper procedure to obtain review when the lower court preliminarily granted prohibition but refused to make the order permanent. *State ex rel. St. Louis County v. Missouri Commission on Human Rights,* 693 S.W.2d 173, 174 (Mo. App.1985). Moreover, the order entered by the trial court was final and appealable because the decision was on the merits. *See, State ex rel. Stoecker v. Director of Revenue,* 734 S.W.2d 263, 266 (Mo.App. 1987).

Prohibition is essentially a means to prevent usurpation of judicial power, confine inferior courts and agencies to their proper jurisdiction and prevent them from acting without or in excess of their jurisdiction. *Birdsong v. Adolf,* 724 S.W.2d 731, 732 (Mo.App.1987). In order for relief by writ to lie, two elements must exist simultaneously: the absence of jurisdiction in the tribunal before which a matter is pending, and the lack of an adequate remedy at law by way of appeal. *Missouri Pacific Railroad v. Missouri Commission on Human Rights,* 606 S.W.2d 496, 503 (Mo.App.1980). The mere availability of appeal does not constitute an adequate remedy. *Id.* A court should only exercise its discretionary authority to issue an extraordinary remedy such as a writ of prohibition when the facts and circumstances demonstrate unequivocally that there exists an extreme necessity for preventive action. *Derfelt v. Yocom,* 692 S.W.2d 300, 301 (Mo. banc 1985).

Appellant properly brought this petition for writ of prohibition to prevent respondents from conducting a hearing after the last Saturday in July 1989. Appellant alleged that this action would exceed respondents' statutorily defined jurisdictional powers. The writ issued to restrain respondents from the commission of a future act, holding the August 1, 1989 meeting. *See, State ex rel. Amato v. Clifford,* 689 S.W.2d 78, 81 (Mo.App.1985).

Respondents argue that the valuation increase was final on July 24, 1989, when they unanimously voted for it. We disagree. The fact that some action was taken does not make the assessment final. The notice and hearing requirements are essential components of the process to increase a property valuation. Section 138.-100, RSMo 1986. It follows that the hearing must be scheduled and held before the increase becomes final.

Respondents also argue that appellant had an adequate remedy at law by way of appeal. If appellant disagreed with the final assessment, its agent could have appeared at the scheduled hearing and then taken an appeal to the State Tax Commission. We note, however, that by appearing at the very hearing it is contesting, appellant could be held to have waived its claim that respondents were acting beyond their jurisdictional powers. *St. Louis County,* 529 S.W.2d at 387.

Appellant argues that the circuit court erred when it quashed the preliminary writ of prohibition and denied the petition for permanent writ of prohibition because Section 138.100.2, RSMo 1986 requires that respondents hold hearings on increases before or on the last Saturday in July. We agree with the trial court and find Section 138.100.2, RSMo 1986 is directory in nature and that respondents did not exceed their jurisdictional powers when they scheduled appellant's hearing on the increase for August 1, 1989.

Section 138.100.2, RSMo 1986, reads as follows:

Such hearings shall end on the last Saturday of July of each year; provided, that the estimated true value of personal property as shown on any itemized personal property return shall not be conclusive on the assessor or prevent the assessor from increasing such valuation. Provided further that said board of equaliza-

tion shall meet thereafter at least once a month for the purpose of hearing allegations of erroneous assessments, double assessments and clerical errors, and upon satisfactory proof thereof shall correct such errors and certify the same to the county clerk and county collector.

 The primary rule of statutory construction is to determine the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Company v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). The use of the word "shall" in a statute will usually be interpreted to command the doing of what is specified, but the term is frequently used indiscriminately and courts have not hesitated to hold that legislative intent will prevail over common meaning. *Howard v. Banks*, 544 S.W.2d 601, 603–604 (Mo.App. 1976). "In determining whether a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory." *State v. Conz*, 756 S.W.2d 543, 546 (Mo.App.1988).

Section 138.100.2, RSMo 1986, does not contain consequences for failure of the board to hold hearings by the last Saturday in July. It does contain provisions which enumerate certain specific exceptions for which hearings may be held in the months following July. Appellant argues that because the exceptions are inapplicable here, the legislature did not intend for the statute to be directory. We disagree. The exceptions relate only to correction of error, e.g. erroneous assessments, double assessments and clerical errors. The provisions, therefore, do not make the statute mandatory.

Although this specific statute has not been construed in the past, this is not a case of first impression. In *St. Louis County v. State Tax Commission*, 529 S.W.2d 384 (Mo.1975), the St. Louis County Board of Equalization issued notices of increased assessments to two wholesale liquor distributors pursuant to Section 138.-120, RSMo (the merchants' and manufacturers' tax). The notices failed to state where and when the board would hold its hearings. Nevertheless, the taxpayers appeared to contest the increases at hearings convened after the last Saturday in July.

The Court held that the taxpayers waived their objections to jurisdiction by appearing at the hearings, *supra*. It also found, albeit in dicta, that Section 138.-120(3), RSMo was directory by applying Section 137.265, RSMo, which reads:

An assessment of property or charges for taxes thereon shall not be considered illegal on account of any informality in making the assessment, or in the tax lists, *or on account of the assessment not being made or completed within the time required by law.* (Emphasis supplied).[1]

The Court stated that Section 137.265, RSMo, "indicates a policy against making mandatory time requirements which would invalidate taxes by failure to strictly comply with them." *St. Louis County*, 529 S.W.2d at 386; *see also, Taney County v. Empire District Electric Company*, 309 S.W.2d 610, 614 (Mo.1958).

 Section 137.265, RSMo 1986 is in *pari materia* with Section 138.100, RSMo 1986. We proceed upon the supposition that statutes, which relate to one subject, are governed by one spirit and are intended to be consistent and harmonious in their several parts and provisions. *State ex rel. Cairo Bridge Commission v. Mitchell*, 352 Mo. 1136, 181 S.W.2d 496, 499 (banc 1944). It is consistent to find that the legislature intended a policy against rigid time requirements which might invalidate otherwise valid taxes. *See, St. Louis County*, 529 S.W.2d at 386.

**1.** Section 137.265, RSMo 1986 has not been amended since *St. Louis County* was written in 1975.

Appellant refers us to a case decided by the State Tax Commission, *Maryville Centre Building 1–A, Partnership v. Morton*, No. 86–10187 (August 5, 1988), which holds that the Board of Equalization may not conduct a hearing on a valuation increase after the last Saturday in July.

The interpretation of a statute by those charged with its execution, while not controlling, is entitled to consideration. *Rathjen v. Reorganized School District R–11*, 365 Mo. 518, 284 S.W.2d 516, 526 (banc 1955). *Maryville Centre* is, however, in direct conflict with prior judicial decisions. Moreover, an administrative decision has no precedential value for appellate courts. *Bi–State Development Agency v. Director of Revenue*, 781 S.W.2d 80, 83 (Mo. banc 1989). We, therefore, decline to apply it here.

We hold that Section 138.100.2, RSMo 1986, is directory. The preliminary writ of prohibition was properly quashed and the permanent writ denied. The judgment of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.