**CHRISTIAN DISPOSAL, INC., Appellant,**

v.

**VILLAGE OF EOLIA, Missouri,**
**Respondent.**

No. 66012.

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 28, 1995.

William J. Sauerwein, St. Louis, for appellant.

James Millan, Bowling Green, for respondent.

WHITE, Judge.

Christian Disposal, Inc. (Christian) appeals from a declaratory judgment in favor of the Village of Eolia (Village). The trial court found Christian was estopped from claiming the protection of the two year notice provision contained in § 260.247 RSMo Supp. 1992 because it failed to comply with Village's statutory request for information. We reverse.

The record reveals Christian has provided waste collection services to both residents and businesses within the corporate limits of Village since 1987. In 1993, Village advertised for waste collection bids in three local newspapers.

Christian, upon learning of Village's actions, notified Village it was required under § 260.247[1] to provide Christian with two years notice before terminating Christian's services in the area. Subsequently, in a letter dated March 9, 1993, Village gave Christian the required two years notice. Village also requested in the letter information regarding all contracts Christian had with residents and commercial establishments within Village for the collection of solid waste and other information including the names and addresses of all customers, collection sites, charges and length of time such services had been provided. This request for information was made pursuant to § 260.247(4). Christian did not provide the requested information within the thirty day period mandated by the statute.

Thereafter, Village informed Christian in a letter dated July 26, 1993, its failure to comply with the statutory request for information removed Christian from the protection of the two year notice requirement contained in § 260.247(2) and, consequently, its solid waste collection services in Village would be terminated as of August 1, 1993. Village granted the exclusive waste collecting franchise to Sutton & Sons Refuse Disposal Service, Inc.

Christian filed a petition seeking a declaration Village's actions violated § 260.247 and Village was precluded from commencing or causing to be commenced solid waste collection in Village for a period of at least two years. It also sought a declaration Christian be allowed to continue solid waste collection during this two year period. The trial court found Christian was estopped from claiming the protection of the statute's notice provision because it had failed to provide the information requested by Village.[2] This appeal followed.

Christian raises two points on appeal. In point one, Christian contends the trial court erred in determining Christian was estopped from claiming the benefit of the notice provision contained in § 260.247 because the finding was against the weight of the evidence

1. The relevant provisions of § 260.247 are as follows:
    1. Any city which annexes an area or enters into or expands solid waste collection services into an area where the collection of solid waste is presently being provided by one or more private entities shall notify the private entity or entities of its intent to provide solid waste collection services in the area by certified mail.
    2. A city shall not commence solid waste collection in such area for at least two years from ... the effective date of the notice that the city intends to enter into the business of solid waste collection or to expand existing solid waste collection services into the area ...
    4. Any private entity or entities which provide collection service in the area which the city has decided to annex or enter into or expand its solid waste collection services into shall make available upon written request by the city not later than thirty days following such request, all information in its possession or control which pertains to its activity in the area necessary for the city to determine the nature and scope of the potential contract.
    5. The provisions of this section shall apply to private entities that service fifty or more residential accounts or fifteen or more commercial accounts in the area in question.

2. The trial court also found § 260.247 applied to the incorporated Village of Eolia when read in conjunction with § 260.200 which defines a city as "any incorporated city, town, or village." § 260.200(2) RSMo Supp.1992.

and resulted in inconsistent findings of fact. In its second point, Christian argues the trial court erred in failing to give any weight to a witness' testimony regarding the purpose and intent of the statute. Point one is dispositive. We reverse.

Resolution of this appeal centers around the interpretation of § 260.247. Namely, we must determine whether the legislature intended noncompliance with paragraph 4 of the statute to estop a party from claiming the statute's two year notice provision.

In matters of statutory construction, the intent of the legislature controls. *Jenkins v. Missouri Farmers Ass'n, Inc.*, 851 S.W.2d 542, 545 (Mo.App.W.D.1993). This court should use rules of construction which subserve rather than subvert the legislative intent. *Id.* Similarly, this court should not construe a statute so as to work an unreasonable, oppressive, or absurd result. *Id.* We also assume the legislature's intent in enacting a statute is to serve the best interests and welfare of the citizenry at large. *Id.* To determine the legislature's intent, we look to the language of the statute and the plain and ordinary meaning of the words employed. *Id.* at 546.

The fundamental purpose of § 260.247 is to provide an entity engaged in waste collecting with sufficient notice to make necessary business adjustments prior to having its services terminated in a given area. If estoppel applied in this situation then the purpose of the statute would be circumvented. We also recognize the statute itself does not state a waste collector's failure to provide information requested pursuant to § 260.247(4) relieves the respective city, town, or village of the obligation to provide the waste collector with two years notice as mandated by the statute.[3] If the legislature had intended to relieve governmental entities, like Village, of their obligation to provide two years notice under these circumstances, it could have incorporated such a provision in § 260.247. The fact such a provision was not incorporated into the statute indicates the legislature did not intend such a

result. *Baugus v. Director of Revenue*, 878 S.W.2d 39, 41 (Mo. banc 1994).

Village emphasizes § 260.247(4) states a trash collector shall make available upon written request all information in its possession and control necessary to determine the nature and scope of potential contracts. However, this terminology is not necessarily determinative of the legislature's intention regarding whether a statute is mandatory or directive. *State ex. rel. 401 N. Lindbergh Associates v. Ciarleglio*, 807 S.W.2d 100, 104 (Mo.App.E.D.1990). Although "shall" when used in a statute will usually be interpreted to command the doing of what is specified, the term is "frequently used indiscriminately and courts have not hesitated to hold that legislative intent will prevail over common meaning." *Id.* To determine whether a statute is mandatory or directory, the general rule is when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. *Id.* However, if the statute merely requires certain things to be done and, yet, does not prescribe what results will follow if those requirements are not met, such a statute is merely directory. *Id.*

Section 260.247(4) does not prescribe penalties for failure of a trash collector to provide the requested statutory information. Therefore, we conclude "shall," as contained in § 260.247(4), was intended to be directory and the legislative intent of protecting waste collectors from having their businesses dismantled unexpectedly controls.

Because we find Christian was not estopped from the protection provided in the two year notice provision contained in § 260.247, we need not address Christian's second point on appeal.

The judgment is reversed.

CRANDALL, P.J., and CRAHAN, J., concur.

---

**3.** Additionally, we do not discern any prejudice to Village resulting from Christian's failure to provide the requested information. The record reveals Village had sufficient information to and,

in fact, did elicit bids from other waste collectors prior to notifying Christian of its intention to terminate Christian's services and clearly prior to making its statutory request for information.