OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 3, 2001

The Honorable Frank Madla
Chair, Senate Committee on
  Intergovernmental Relations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0418

Re: Whether the Railroad Commission of Texas may promulgate a rule imposing standards of conduct on its members in a contested case hearing (RQ-0374-JC)

Dear Senator Madla:

You have requested our opinion as to whether the Railroad Commission of Texas may promulgate a rule that requires its members to observe certain standards of conduct in a contested case hearing. For the reasons explained below, we conclude that it may not do so. We do not decide whether the Commission may adopt aspirational, ethical guidelines designed to advance public confidence in the Commission, since we deem the rule in question mandatory, despite conflicting language in the rule and its preamble.

The Railroad Commission (the "Commission") is a statewide body established by article XVI, section 30 of the Texas Constitution. It is "composed of three members, one of whom shall be elected biennially at each general election for a term of six years." TEX. REV. CIV. STAT. ANN. art. 6447 (Vernon Supp. 2001). Among its various delegated powers, the Commission is authorized to "make all rules necessary for their government and proceedings." *Id.* Pursuant to the latter authority, the Commission voted to adopt, by a 2-1 vote, a new rule to be denominated as section 1.10, title 16 of the Texas Administrative Code ("Rule 1.10"). Rule 1.10 became effective May 28, 2001 and reads as follows:

§ 1.10.   Commissioner Conduct.

(a) Participation in Contested Cases.

(1) When considering contested case issues, a Railroad Commissioner shall not allow any relationship, personal or pecuniary, to influence decisions or policies, and shall not convey, or permit others to convey, the impression that any person is in a special position to influence commission decisions.

(2) A commissioner will recuse himself or herself from a contested case issue any time his or her impartiality might reasonably be questioned, including but not limited to, any time he or she, or anyone within the third degree of kinship by affinity or consanguinity with the commissioner:

    (A)    is a party to the proceeding;

    (B)    is acting as counsel to a party; or

    (C)    has a financial or other interest in the matter in controversy that could be substantially affected by the outcome of the proceeding.

(3) A commissioner otherwise subject to the provisions of paragraph (2) of this subsection who elects not to recuse himself or herself will place in the record, and in the *Texas Register*, a written explanation of any potential conflict and a reasoned justification for not complying with paragraph (2) of this subsection.

(4) A commissioner who believes another commissioner has violated this section shall raise the issue in a posted meeting at the first opportunity.

(b) Interpretation guidance. The following commentary is to assist in the application of this section.

(1) In considering whether to recuse himself or herself from deliberation or decision in any particular contested case, a commissioner should consult Rule 18b, Texas Rules of Civil Procedure, which pertains to judges. Reference to this rule is appropriate for a commissioner acting in a quasi-judicial capacity.

(2) In subsection (a) of this section, the degree of relationship should be computed according to Texas Government Code, Chapter 573.

26 Tex. Reg. 3737 (2001) (to be codified at 16 TEX. ADMIN. CODE § 1.10) (Tex. Railroad Comm'n). It has been suggested that the adoption of Rule 1.10 was beyond the Commission's authority because it is inconsistent with, and exceeds, the standards promulgated by chapter 572 of the Government Code.

Before addressing this matter, we must first consider whether the directives of Rule 1.10 are mandatory or permissive. The issue arises because of certain language in the order accompanying the adoption of the proposed rule, to the effect that compliance with the rule is strictly voluntary. *See* 26 Tex. Reg. 3737 (2001). In our opinion, this language is at variance both with the text of the rule and the required "notice" proposing the rule.

A "notice of proposed rule" must contain, *inter alia*, "a brief explanation of the proposed rule." Section 2001.024(a)(1), Government Code. The notice accompanying *proposed* Rule 1.10 contains the following language:

> Under the proposed rule, a commissioner *will* recuse himself or herself from a contested case issue any time his or her impartiality might reasonably be questioned, including but not limited to, any time he or she, or anyone within the third degree of kinship by affinity or consanguinity with the commissioner is a party to the proceeding; is acting as counsel to a party; or has a financial or any other interest in the matter in controversy that could be substantially affected by the outcome of the proceeding. Should the commissioner choose not to recuse himself or herself, the commissioner *will* place in the record, and in the *Texas Register*, a written explanation of any potential conflict and a reasoned justification for not complying with the recusal standards. A commissioner who believes another commissioner has violated this section *is required* to raise the issue in a posted meeting at the first opportunity.

(Emphasis added).

An "agency order finally adopting a rule must include," in its entirety:

> (1) a reasoned justification for the rule, as adopted consisting solely of:
>
> > (A) a summary of comments received from parties interested in the rule that shows the names of interested groups or associations offering comment on the rule and whether they were for or against its adoption;
> >
> > (B) a summary of the factual basis for the rule as adopted which demonstrates a rational connection between the factual basis for the rule and the rule as adopted; and
> >
> > (C) the reasons why the agency disagrees with party submissions and proposals;

(2) a concise restatement of the particular statutory provisions under which the rule is adopted and of how the agency interprets the provisions as authorizing the rule; and

(3) a certification that the rule, as adopted, has been reviewed by legal counsel and found to be a valid exercise of the agency's legal authority.

Section 2001.033, Government Code. The order adopting Rule 1.10 adds another "explanation" of the rule that is not required by section 2001.033. Furthermore, this "explanation" is at variance with the explanation offered in the notice of the proposed rule. In the first place, the second "explanation" uses the word "would" instead of "will." More significantly, the second explanation categorically states:

In addition, the commission re-states here what was stated during the February 6, 2001, open meeting deliberations when new §1.10 was proposed; the provisions of this rule are not binding on a commissioner. They are offered as guidance to commissioners, whose constitutional and statutory duties necessarily combine the legislative and the judicial functions. And they are offered as a rule so that members of the public will know the standards of ethical conduct to which the commissioners, individually and voluntarily, hold themselves.

No similar language is to be found in the notice of proposed rule. The Commission states that the rule is permissive. However, this contradicts the language of the rule itself, and it is to an examination of that language that we now turn.

The portions of Rule 1.10 at issue here use the following language, in relevant part:

(a) Participation in Contested Cases:

(1) . . . .

(2) A commissioner *will* recuse himself or herself any time his or her impartiality might reasonably be questioned . . . .

(3) A commissioner . . . who elects not to recuse himself or herself *will* place in the record, and in the *Texas Register*, a written explanation of any potential conflict and a reasoned justification for not complying . . . .

> (4) A commissioner who believes another commissioner *has violated* this section *shall* raise the issue in a posted meeting at the first opportunity.

(Emphasis added).

It is well established that the rules of an administrative agency are to be construed in the same manner as statutes. *Lewis v. Jacksonville Building & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976); *City of Lubbock v. Public Utility Comm'n*, 705 S.W.2d 329, 330-31 (Tex. App.–Austin 1986, writ ref'd n.r.e.). Section 311.016 of the Government Code, part of the Code Construction Act, although not strictly applicable to a rule adopted under a statute, as opposed to a code, states the long-standing rule regarding the use of the word "shall": "'shall' imposes a duty," while "'may' creates discretionary authority." *See Lewis, supra,* at 310. Thus, the requirement of subdivision (4), *supra,* in using "shall," appears to be mandatory. The term "will" is seldom used in rules or statutes in the context of "mandatory" versus "permissive," either in Texas or elsewhere. *But see, Campbell v. Pan American World Airways, Inc.,* 668 F.Supp. 139, 142 (E.D.N.Y. 1982) ("will," like "shall,"is mandatory). But if subdivision (4), in its use of the word "shall," is held to be mandatory, it necessarily follows that subdivisions (2) and (3), upon which subdivision (4) is premised, must themselves be mandatory. In the first place, subdivision (4) speaks in terms of a "violation" of section (a), language that is hardly conducive to a characterization of subdivisions (2) and (3) as voluntary. Furthermore, in *Jones v. Dodendorf*, 546 N.E.2d 92, 93 (Ill. App. 1989), the court said that, when a statute prescribes what result will ensue if its terms are not complied with, the statute is deemed mandatory. Conversely, if a statute does not prescribe what results will follow if specific requirements are not met, the statute is considered permissive. *Christian Disposal, Inc. v. Village of Eolia*, 895 S.W.2d 632, 634 (Mo.App. 1995). Since Rule 1.10 prescribes the consequences that must follow a *violation* of subdivisions (2) and (3), it seems clear that the use of "will" in those provisions should be construed as mandatory.

In sum, despite the disclaimer that accompanies the order adopting Rule 1.10, which disclaimer is no part of the rule, we believe that the provisions of the rule under consideration here should be deemed to impose mandatory requirements upon the members of the Railroad Commission. We thus turn to a consideration of whether the Commission exceeded its statutory authority in adopting the rule.

Section 572.002 of the Government Code defines "elected officer" to include "an executive or judicial officer elected in a statewide election." TEX. GOV'T CODE ANN. § 572.002(4) (Vernon Supp. 2001). It thus embraces members of the Railroad Commission. Section 572.058(a) provides:

> (a) An elected or appointed officer, other than an officer subject to impeachment under Article XV, Section 2,[1] of the Texas

---

[1]A member of the Railroad Commission is not an officer subject to impeachment under article XV, section 2

(continued...)

> Constitution, who is a member of a board or commission having policy direction over a state agency and who has a personal or private interest in a measure, proposal, or decision pending before the board or commission shall publicly disclose the fact to the board or commission in a meeting called and held in compliance with Chapter 551. The officer may not vote or otherwise participate in the decision. The disclosure shall be entered in the minutes of the meeting.

*Id.* § 572.058(a) (Vernon 1994) (footnote added). The term "personal or private interest," as used in section 572.058, "has the same meaning as is given to it under Article III, Section 22, of the Texas Constitution, governing the conduct of members of the legislature." *Id.* § 572.058(f). A person who violates section 572.058 "is subject to removal from office on the petition of the attorney general on the attorney general's own initiative or on the relation of a resident or of any other member of the board or commission." *Id.* § 572.058(b).

Section 572.058 sets out the sole statutory requirements for a member of the Commission who has a "personal or private interest" in any "measure, proposal, or decision" that is pending before the Commission. A member must "publicly disclose the fact" in an open meeting, and refrain from voting on or participating in any decision on the matter. *Cf.* TEX. REV. CIV. STAT. ANN. art 6447 (Vernon Supp. 2001) ("No commissioner shall hold any other office of any character, while such commissioner, nor engage in any occupation or business inconsistent with his duties as such commissioner.").[2] Although subsection (f) adopts the meaning of "personal or private interest" found in article III, section 22 of the Constitution, that provision does not itself define the term. The commentary to article III, section 22 notes that "it is often difficult to define and distinguish 'personal or private interest.'" TEX. CONST. art. III, § 22 interp. commentary (Vernon 1997).

It is well established that a state agency has only those powers that are specifically enumerated or that may reasonably be implied therefrom. *Railroad Comm'n v. Lone Star Gas Co.,* 844 S.W.2d 679, 685 (Tex. 1992). The Commission majority asserts that article 6447, which permits the commissioners to "make all rules necessary for their government and proceedings," furnishes the authority for Rule 1.10. *See* 26 Tex. Reg. 3737, 3738 (2001) (to be codified at 16 TEX. ADMIN. CODE § 1.10) (Tex. Railroad Comm'n). We need not determine, however, whether Rule 1.10 is "necessary" for the "government and proceedings" of the Commission, because the rule is both inconsistent with, and imposes burdens in excess of, statutory requirements.

---

[1](...continued)
of the Texas Constitution.

[2]Recently enacted legislation from Senate Bill 310 deletes this passage and adds: "The members are subject to the provisions of Chapter 572, Government Code, that apply to elected officers, including the requirements governing personal financial statements, standards of conduct, and conflicts of interest." *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1233, 2001 Tex. Sess. Law Serv., WL TX LEGIS 1233 (2001) (to be codified as an amendment to TEX. REV. CIV. STAT. ANN. art. 6447) (eff. Sept. 1, 2001).

An agency may not impose additional burdens, conditions, or restrictions in excess of relevant statutory provisions. *Railroad Comm'n v. Arco Oil & Gas Co.*, 876 S.W.2d 473, 481 (Tex. App.–Austin 1994, writ denied). Neither may it enact regulations that are inconsistent with properly enacted statutes. *State v. Jackson*, 376 S.W.2d 341, 345 (Tex. 1964). On the one hand, the Commission rule requires *less* than the statute. Whereas section 572.058(a) states that an official "*shall* publicly disclose" a conflict, and "*may not* vote or otherwise participate in the decision," Rule 1.10 fails specifically to require disclosure of a personal or private interest. TEX. GOV'T CODE ANN. § 572.058(a) (Vernon 1994) (emphasis added). In addition, it seems to offer the official a choice regarding recusal, by providing an alternative in the form of a "written explanation of any potential conflict and a reasoned justification" for non-recusal. On the other hand, the Commission rule requires *more* than the statute. First, it lists examples of conflicts that may or may not be contemplated by section 572.058(a). More significantly, Rule 1.10 requires the commissioner to provide a "written explanation" and a "reasoned justification," and thus imposes burdens clearly not contemplated by the statute. Furthermore, it requires a commissioner "who believes another commissioner has violated this section [to] raise the issue in a posted meeting at the first opportunity." Consequently, Rule 1.10 both exceeds and is inconsistent with the legislative directive.

Rule 1.10 also attempts to give some meaning to "personal or private interest" as used in section 572.058. The vagueness and absence of guidance regarding this term might indicate a legislative contemplation that each agency delineate its intent. Rule 1.10 offers, first, certain standards for recusal, and then suggests that commissioners considering doing so should reference rule 18b of the Texas Rules of Civil Procedure, which is applicable to judges. Rule 18b provides a detailed list of occasions for recusal, including those in which the judge is related within the third degree of kinship to a party or to his counsel. TEX. R. CIV. P. 18b.

The legislature has specifically committed the administration and enforcement of chapter 572 to the Texas Ethics Commission. TEX. GOV'T CODE ANN. § 571.061 (Vernon Supp. 2001). The Ethics Commission is empowered to "adopt rules to administer this chapter *or any other law administered and enforced by the commission.*" *Id.* § 571.062 (Vernon 1994) (emphasis added). Furthermore, the Ethics Commission is directed to "prepare a written opinion answering the request of a person subject to any of the following laws," including chapter 572, "for an opinion about the application of any of these laws to the person in regard to a specified existing or hypothetical factual situation." *Id.* § 571.091 (Vernon Supp. 2001). A number of opinions issued by the Ethics Commission have construed section 572.058. *See, e.g.*, Tex. Ethics Comm'n Op. Nos. 316 (1996), 256 (1995), 218 (1994). In our view, because the Railroad Commission is not the proper body to construe, administer, or enforce the statutory directive of chapter 572 of the Government Code, it may not describe, by rule or by reference to the Rules of Civil Procedure, what standards are applicable thereto.

In summary, that portion of Rule 1.10 that requires a member of the Commission to provide a written justification for his failure to recuse himself in a contested case imposes an additional burden not authorized by statute and thus exceeds the authority of the Commission. That portion

of Rule 1.10 that establishes standards for recusal in a contested case is invalid because it encroaches upon authority properly granted by the legislature to the Texas Ethics Commission.

## S U M M A R Y

That portion of Rule 1.10 adopted by the Railroad Commission of Texas that requires a member of the Commission to provide a "written explanation" and "reasoned justification" for his failure to recuse himself in a contested case imposes an additional burden not authorized by statute and thus exceeds the authority of the Commission. That portion of Rule 1.10 that establishes standards for recusal in a contested case is invalid because it encroaches upon authority properly granted by the legislature to the Texas Ethics Commission.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee